1 | SHEPPARD MULLIN RICHTER & HAMPTON LLP
JUSTINE M. CASEY, Cal. Bar No. 143243
2 | jcasey@smrh.com
JAMES F. McSHANE, Cal. Bar No. 123178
3 | jmcshane@smrh.com
DAVID E. DWORSKY, Cal. Bar No, 272167
4 | ddworsky@smrh.com
650 Town Center Drive, 4th Floor
5 | Costa Mesa, California  92626-1925
Telephone:  714-513-5100
6 | Facsimile:   714-513-5130

7 | SMITH ELLISON, Professional Corporation
MICHAEL W. ELLISON
8 | mellison@sehlaw.com
7700 Irvine Center Drive, Suite 730
9 | Irvine, California 92618
Telephone:  949-442-1500
10 | Facsimile:  949-442-1515

*NOTE CHANGES MADE BY THE COURT*

11 | Attorneys for Defendant
SPECIALTY RISK SERVICES, LLC

12 | UNITED STATES DISTRICT COURT

13 | CENTRAL DISTRICT OF CALIFORNIA

14 |

15 | MONARCH CONSULTING, INC. dba PES PAYROLL, | Case No. **CV11-01764 DSF (AGRx)**

*NOTE CHANGES MADE BY THE COURT*

16 | Plaintiff, | ~~[PROPOSED]~~ ORDER GRANTING LEAVE TO FILE, AND ENTERING, STIPULATED PROTECTIVE ORDER

17 | v.

18 | SPECIALTY RISK SERVICES, LLC, Defendants.

19 | | [Stipulation for Entry of Protective Order, and Declarations of Fredrick J. Weber and James F. McShane filed concurrently]

20 |

21 | SPECIALTY RISK SERVICES, LLC,

22 | Counter-claimant,

23 | v. | Complaint Filed: March 1, 2011
Trial Date:  November 6, 2012

24 | MONARCH CONSULTING, INC. dba PES PAYROLL,

25 | Counter-defendant.

26 |

27 |

28 |

-1-

1

## ORDER

2          The Court, having read and considered the concurrently filed Proposed

3   Stipulated Protective Order regarding the protection of medical privacy of non-

4   parties and competitively sensitive business information, and good cause appearing

5   therefore,

6

7          IT IS HEREBY ORDERED that the Stipulated Protective Order is

8   entered in this action, *as modified by this court*

9

10  Dated:  August 23, 2011

11

12                              *Alicia G. Rosenberg*

13                              ~~HON. DALE S. FISCHER~~

14

15                              ~~UNITED STATES DISTRICT JUDGE~~

16

17

18

19

20

21

22

23

24

25

26

27

28

1   SHEPPARD MULLIN RICHTER & HAMPTON LLP
    JUSTINE M. CASEY, Cal. Bar No. 143243
2   jcasey@smrh.com
    JAMES F. McSHANE, Cal. Bar No. 123178
3   jmcshane@smrh.com
    DAVID E. DWORSKY, Cal. Bar No, 272167
4   ddworsky@smrh.com
    650 Town Center Drive, 4th Floor
5   Costa Mesa, California 92626-1925
    Telephone:  714-513-5100
6   Facsimile:  714-513-5130

7   SMITH ♦ ELLISON, Professional Corporation
    MICHAEL W. ELLISON
8   mellison@sehlaw.com
    7700 Irvine Center Drive, Suite 730
9   Irvine, California 92618
    Telephone:  949-442-1500
10  Facsimile:  949-442-1515

*NOTE CHANGES MADE BY THE COURT*

11  Attorneys for Defendant
    SPECIALTY RISK SERVICES, LLC

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14
    MONARCH CONSULTING, INC. dba          Case No. **CV11-01764 DSF (AGR)**
15  PES PAYROLL,
16                  Plaintiff,            **STIPULATION FOR ENTRY OF**
                                          **PROTECTIVE ORDER**
17       v.
18  SPECIALTY RISK SERVICES, LLC,
                    Defendants.           [Proposed Order Granting Leave to File
19                                        Stipulated Protective Order and
                                          Declarations of Fredrick J. Weber and
20                                        James F. McShane filed concurrently]

21  SPECIALTY RISK SERVICES, LLC,
                                          Complaint Filed:  March 1, 2011
22                  Counter-claimant,     Trial Date:  November 6, 2012

23       v.

24  MONARCH CONSULTING, INC. dba
    PES PAYROLL,
25
                    Counter-defendant.
26

27

28

                              -1-

1     Plaintiff and counter-defendant Monarch Consulting, Inc. dba PES

2    Payroll ("Monarch"), and defendant and counter-claimant Specialty Risk Services,

3    LLC ("SRS"), through their counsel of record, and under Rules 26(c) and 29(b) of

4    the Federal Rules of Civil Procedure and Local Rule 7-1, agree and stipulate as

5    follows:

6

7                         **I.**

8    **GOOD CAUSE EXISTS TO ENTER THIS PROTECTIVE ORDER**

9

10    **A.**    **Brief Summary of Facts**

11

12     Beginning on October 21, 2005, Monarch retained SRS to administer

13    the claims for benefits submitted by injured employees under Monarch's workers'

14    compensation insurance program. SRS handled, and continues to handle, claims for

15    benefits submitted under Monarch's workers' compensation insurance program for

16    policy years, beginning each year on October 21, from 2005 through 2009.

17

18     In its Complaint, Monarch asserts five claims for relief: (1) breach of

19    written and oral contracts, (2) tortious breach of the implied covenant of good faith

20    and fair dealing, (3) declaratory relief, (4) unfair business practices and (5)

21    accounting. Monarch alleges that SRS breached agreements by, among other things,

22    mishandling the workers' compensation insurance claims it administered, resulting

23    in claim overpayments, over-reserving, and increases in the collateral requirements

24    imposed by Monarch's insurer. Monarch seeks general, special and punitive

25    damages.

26

27     In its Counter-Claim, SRS alleges that Monarch failed to pay SRS

28    invoices for service fees and claim losses. SRS seeks over $100,000 in damages.

1          During preliminary communications between counsel about anticipated

2   discovery, Monarch indicated that it will seek, among other things, workers'

3   compensation claim files and related documents and information pertaining to about

4   forty-seven claims that SRS handled.  (McShane Decl., ¶¶ 2-3).  SRS must object to

5   the disclosure or production of the claim files without a protective order because, in

6   its view, the information they contain is protected by third-party medical privacy

7   rights.  Through its counsel, Monarch indicated that it will also request information

8   and documents relating to SRS' workers' compensation claims handling manuals and

9   related materials.  (Id.).  SRS contends that its claim handling manuals and related

10  documents are proprietary and confidential, and it will object to producing them

11  without a protective order.

12

13         In order to avoid unnecessary disputes, the parties agree that (a) the

14  claim files shall be produced under a protective order due to SRS' contention that

15  the requested claim files contain private medical information pertaining to

16  Monarch's injured workers, (b) SRS' workers' compensation claims handling

17  manuals and related materials shall be produced under a protective order due to

18  SRS' contention that they contain confidential and proprietary information that

19  should be protected from disclosure outside this litigation, and (c) each side may

20  locate and identify other documents and information that should be produced only

21  under a protective order.

22

23         THEREFORE, in order to facilitate the future production of claim files

24  that contain private medical information, workers' compensation claim handling

25  manuals or other internal documents that any party deems confidential, proprietary

26  or trade secrets, the parties submit this proposed Protective Order.

27

28

**B.** **Good Cause Exists for the Issuance of a Protective Order to Protect Private Medical Information**

      **1.** **Injured Employees Have a Fundamental Privacy Interest in the Information Contained in their Workers' Compensation Claim Files.**

      In its Complaint, Monarch alleges, among other things, that SRS mishandled a number of workers' compensation claims filed by Monarch's injured employees. SRS contends that the claim files and related documents contain confidential medical, employment and other personal information,[1] and that the following authorities support its contentions:

      The California Constitution protects an individual's right to privacy.[2] Cal. Const. Art. I, § 1 (among an individual's inalienable rights are "pursuing and obtaining safety, happiness, and privacy."); Urbaniak v. Newton, 226 Cal.App.3d 1128, 1136 (1991). Even highly relevant, non-privileged information may be shielded from discovery if its disclosure would impair a person's "inalienable right of privacy." Britt v. Superior Court, 20 Cal.3d 844, 855-56 (1978). The constitutional right to privacy includes protection from the unauthorized dissemination of a person's medical information. Pettus v. Cole, 49 Cal.App.4th

---

[1]   Although the parties agree with the general proposition that California law protects privacy interests in medical, employment and personal information, they do not agree on the nature and extent of that protection, including its application to the contents of workers' compensation claim files. However, they desire to minimize their points of disagreement by entering into this stipulation.

[2]   State law governs this privacy claim. "In a federal action based on diversity of citizenship jurisdiction, state law governs privilege claims." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998). Additionally, "to the extent privacy is a matter of privilege under state law, federal courts will honor the privilege and protect the responding party from discovery." Id.

-4-

1    402, 440 (1996); Urbaniak, supra, 226 Cal.App.3d at 1139 (recognizing that

2    confidentiality of medical information encourages free communication with medical

3    providers and protects the doctor/patient relationships from abuse).

4

5          SRS further contends that California courts assiduously protect privacy

6    rights, abrogating them only after "a balancing of the privacy interest against

7    competing interests to determine if the right may be invaded." Jeffery H. v. Imai,

8    Tadlock & Keeney, 85 Cal.App.4th 345, 357 (2000); Hill v. National Collegiate

9    Athletic Assoc., 7 Cal. 4th 1, 20, 37 (1994) (the "diverse and somewhat amorphous

10   character of the privacy right necessarily requires that privacy interests be

11   specifically identified and carefully compared with competing or countervailing

12   privacy and nonprivacy interests in a 'balancing test.'"). Thus, in discovery

13   proceedings, a court must balance the competing interests, and may order disclosure

14   of confidential information *only* when the court finds a "*compelling public interest*"

15   *requiring disclosure*. Britt, supra, 20 Cal.3d at 855-56. Even then, the disclosure of

16   confidential information must be narrowly circumscribed. Id.

17

18   **2.    California Labor Code Section 3762 Governs the Disclosure of**

19   **Information Maintained in Claim Files.**

20

21         The right of privacy set forth in the California Constitution applies to

22   confidential medical information. For that reason, the Legislature codified rules

23   governing disclosure of confidential medical information in various circumstances.

24   For example, Labor Code section 3762 governs the release to employers of medical

25   information contained in an insurer's or third party administrator's ("TPA's")

26   workers' compensation claim files, and prohibits the disclosure of an injured

27   worker's confidential medical information to the employer, except for (a) medical

28   information limited to the diagnosis and treatment for the condition that is the

1  subject of the employee's claim, and (b) medical information that the employer

2  needs in order to modify the injured employee's work duties:

 

4        (c) An insurer, **third-party administrator retained by a**
5        **self-insured employer** pursuant to Section 3702.1 to
         administer the employer's workers' compensation claims,
         and those employees and agents specified by a self-insured
6        employer to administer the employer's workers'
         compensation claims, **are prohibited from disclosing or**
7        **causing to be disclosed to an employer, any medical**
         **information**, as defined in subdivision (b) of Section
8        56.05 of the Civil Code,[3] about an employee who has filed
         a workers' compensation claim, **except as follows**:

10           (1) Medical information **limited to** the **diagnosis** of
         the mental or physical condition for which workers'
11       compensation is claimed and the **treatment** provided for
         this condition.

13           (2) Medical information regarding the injury for
         which workers' compensation is claimed that is **necessary**
14       **for the employer to have in order for the employer to**
         **modify the employee's work duties.** [Cal. Labor Code
15       § 3762 (emphasis added)].

16       The Legislature enacted the original Labor Code section 3762 in 1993,

17  as part of an "Employer's Bill of Rights." In its original form, in contrast to the

18  current version of the statute, section 3762 required insurers and TPAs to disclose

19  workers' compensation claim files, in their entirety, to employers upon request,

20  excluding only privileged material.[4]

---

24  [3]   Under Civil Code section 56.05(g), "medical information" is "any
25       individually identifiable information, in electronic or physical form, in
         possession of or derived from a provider of health care, health care service
26       plan, pharmaceutical company, or contractor regarding a patient's medical
         history, mental or physical condition, or treatment."

27  [4]   As originally enacted, Labor Code section 3762 did not contain subsection
28       (c), which limits the information that may be released.

1    In 1999, largely in response to concerns over disclosure of employee

2  HIV status to employers, Assembly Bill 435 proposed to amend Labor Code section

3  3762 to *include restrictions on the medical information that insurers could disclose*

4  *to employers.*  <u>Workers Compensation: Medical Records: Disclosure: Hearing on</u>

5  <u>AB 435 Before the Assembly Comm. on the Judiciary</u>, 1999-2000 Sess. 2 (Cal.

6  1999).  Proponents of AB 435 argued that the amendment was necessary because

7  the Confidentiality of Medical Information Act ("CMIA"), which restricts *health*

8  *care providers* from disclosing medical information to employers,[5] did not restrict

9  *insurers and TPAs* from disclosing the same confidential medical information to

10  employers on request.  In order to re-establish statutory protection of employee

11  confidential medical information in the hands of insurers and TPAs, AB 435 added

12  subsection (c) to Labor Code section 3762, prohibiting insurers and TPAs from

13  disclosing medical information to employers except: (1) the diagnosis of the claimed

14  injury, (2) the treatment for the claimed injury, and (3) information necessary to

15  modify the employee's work duties.

16

17    The parties agree that California law requires Courts to protect injured

18  workers' privacy interests in the medical, employment and personal information

19  contained in workers' compensation claim files.  These privacy interests overcome

20  the right of public access to such medical, employment and personal information,

21  and support the issuance of an order requiring the sealing of any workers'

22  compensation claim file that any party files in connection with the trial of, or any

23  motion to be filed in, this action.  If workers' compensation claim files are not filed

24  under seal, there exists a substantial probability that the privacy interests of

25

26  _____

[5]  Under the CMIA, subject to certain exceptions, a health care provider may
27  not disclose an individual's medical information without first obtaining a
written authorization from the patient.  <u>See</u> Cal. Civ. Code § 56.10(a).
28

1  Monarch's injured employees will be prejudiced, and no means less restrictive than

2  sealing will be sufficient to protect those interests.

3

4          Accordingly, in order to protect the privacy rights of Monarch's injured

5  employees in any confidential medical, employment or other personal information

6  contained in their workers' compensation claim files and related records maintained

7  by SRS and Monarch, the parties agree that all such files and documents, if

8  produced, shall be designated "Confidential" and shall be not be disclosed except as

9  provided herein.

10

11  **C.    Good Cause Also Exists for the Issuance of a Protective Order to Protect**

12          **Proprietary, Confidential, Business-Sensitive Information**

13

14          The parties seek only to limit, but not prevent, the disclosure of

15  proprietary and competitively-sensitive business information.  Federal Rule of Civil

16  Procedure 26(c)(1)(G) specifically authorizes issuance of a protective order

17  concerning the disclosure of trade secrets or other confidential information.  Fed. R.

18  Civ. Proc. 26(c)(1)(G).  A protective order may be issued upon a showing of good

19  cause.  In re Lifescan, Inc. Consumer Litig., 1999 U.S. Dist. LEXIS 9894, *5 (N.D.

20  Cal. 1999).  Courts generally require parties seeking a protective order to show a

21  particular and specific need for the protection and a showing of serious harm either

22  to business or non-business interests.  Id.; see also In re Coordinated Pretrial

23  Proceedings in Petroleum Products Antitrust Litigation, 101 F.R.D. 34, 41 n.7 (C.D.

24  Cal. 1984) (holding that "Rule [26(c)(1)(G)] provides that upon a showing of good

25  cause, a court may order that trade secrets, confidential research or other

26  commercial information produced during discovery be protected from public

27  disclosure" and that the "good cause requirement is met by a showing that disclosure

28  will work a clearly defined, specific and serious injury").

1    Monarch contends that SRS breached the Policies by mishandling,
2  overpaying and over-reserving workers' compensation insurance claims made under
3  the Policies. (See Section A above). According to Monarch, this led to an increased
4  amount Monarch was required to pay on those claims and increased the premiums
5  that insurers charged Monarch under their policies. (Id.). During preliminary Rule
6  26 discussions, Monarch has indicated that it will seek disclosure or production of
7  SRS' internal claims handling guidelines and procedures. (McShane Decl. ¶¶ 2-3).
8  SRS contends that these documents are confidential, proprietary and/or trade secret,
9  and that disclosure of the documents without a Protective Order would cause SRS
10  competitive and/or financial harm. (Weber Decl. ¶¶ 2-3). SRS' claims handling
11  guidelines and procedures are internal documents disclosed only to employees of
12  SRS and its affiliates. Id. If SRS' competitors obtain those guidelines and
13  procedures and emulate the system SRS has put in place to handle claims, there is a
14  risk that SRS would lose a competitive advantage, which it claims to currently enjoy
15  in the handling of claims. (Id.).

16

17    In its Complaint, Monarch also raises issues regarding certain claim
18  handling expense items, including, among other things, the prices SRS charges for
19  medical bill review services. Accordingly, the parties understand that disclosures
20  and discovery may encompass internal information and documents regarding SRS'
21  relationships, procedures and methods for providing, pricing and billing for its
22  services, such as medical bill review. SRS contends that such information and
23  documents are confidential, proprietary and reflect how SRS conducts and prices
24  certain aspects of its business. (Weber Decl., ¶ 3). If SRS' pricing models for
25  medical bill review and other services were produced in this litigation without a
26  Protective Order, SRS would be put at a serious competitive disadvantage. (Id.).
27  SRS' competitors could attempt to use its pricing information and other proprietary
28  business information to lure away current and potential future SRS customers. (Id.).

1    In an effort to reduce discovery disputes and accommodate each party's

2  competing needs, *i.e.*, Monarch's need for information versus SRS' need to keep its

3  competitively-sensitive information confidential, the parties agreed to seek a

4  protective order.

5

6                    **STIPULATED PROTECTIVE ORDER**

7

8    In order to facilitate the discovery process, Monarch and SRS stipulate

9  and agree that documents designated and produced as "confidential" under this

10  Order, including but not limited to confidential material contained in SRS' claim

11  files, SRS' internal claims handling guidelines and procedures, SRS' medical bill

12  review or other internal documents relating to the protocols and pricing of its

13  services, and such internal documents as Monarch may designate as confidential

14  (collectively "Confidential Information") shall be protected according to the

15  following terms and conditions:

16

17    1.    SRS and/or Monarch will mark or stamp Confidential

18  Information with an appropriate designation indicating its determination that the

19  document(s) or information should be subject to this Stipulated Protective Order.  In

20  the case of deposition testimony, SRS and/or Monarch may designate testimony as

21  Confidential by (a) indicating on the record that such testimony is or contains

22  Confidential Information and direct the court reporter to mark or stamp the cover of

23  such transcript with an appropriate designation indicating that it is subject to this

24  Stipulated Protective Order, or (b) designating, by page and line number, and within

25  30 days after receipt of the deposition transcript, the portions of deposition

26  testimony that are or contain Confidential Information.  Except as the Parties

27  otherwise agreed in writing, the Parties shall treat all testimony in any deposition

28

-10-

1  transcript as Confidential Information under this Protective Order until the

2  expiration of such 30-day period.

3

4          2.       Any Confidential Information or deposition transcript, or any

5  part thereof, that a party so designates shall not be used by the other party or its

6  counsel, or be given by the other party or its counsel, to any third party for use in

7  any business or commercial purpose or any other administrative or judicial

8  proceeding, and the use of said document shall be limited to the preparation and trial

9  of the above-entitled action, including discovery, and any and all appeals and/or

10  retrials.

11

12          3.       Except as provided by paragraph 4 below, all documents,

13  discovery responses or deposition transcripts designated as containing Confidential

14  Information may be disclosed only to:

15

16          a.       Counsel for the parties hereto, and clerks, legal assistants,

17  secretaries, paralegals, investigators, and other persons or entities retained by

18  counsel to provide litigation-related services and the employees of said persons or

19  entities;

20

21          b.       Experts, consultants and other independent contractors

22  retained or employed by counsel to consult with, advise or assist counsel in the

23  preparation or trial of this case;

24

25          c.       Representatives of the parties hereto who are responsible

26  for assisting counsel in the preparation or trial of this case;

27

28

-11-

Case 2:11-cv-01764-DSF-AGR  Document 25  Filed 08/23/11  Page 14 of 25  Page ID #:570
Case 2:11-cv-01764-DSF -AGR  Document 24  Filed 08/15/11  Page 12 of 23  Page ID
#:537

1           d.     Persons who are being prepared by counsel to give

2  testimony at a deposition or at trial, or who are being examined by counsel at a

3  deposition or at trial; and/or

4

5           e.     Court personnel, including the judge, court reporters and

6  clerks engaged in proceedings necessary to the preparation for trial or the actual trial

7  of this matter.

8

9          4.     With respect to the disclosure to Monarch's representatives of

10  any "medical information" in any claim file produced by SRS in this action, the

11  "medical information" in such files may only be disclosed to those representatives of

12  Monarch who are counsel in this matter or are responsible for assisting counsel in

13  this matter, except that: (1) if the diagnosis of the injury for which workers'

14  compensation is claimed would affect Monarch's workers' compensation premium,

15  then the diagnosis and treatment for the claimed workers' compensation injury may

16  be disclosed to the appropriate representative(s) of Monarch responsible for

17  monitoring its workers' compensation premium as set forth in Labor Code section

18  3762; or (2) if the disclosure of such "medical information" is necessary for

19  Monarch to have in order for it to modify the injured employee's work duties, then

20  the necessary "medical information" may be disclosed to the appropriate

21  representative(s) of Monarch responsible for overseeing the modification of the

22  injured employee's work duties as set forth in Labor Code section 3762.  The term

23  "medical information" shall be construed as that term is used in Labor Code section

24  3762 and Civil Code section 56.05, as follows:

25

26                 Medical information "means any individually identifiable
information, in electronic or physical form, in possession

27                 of or derived from a provider of health care or health care
service plan regarding a patient's medical history, mental

28                 or physical condition, or treatment. 'Individually

Case 2:11-cv-01764-DSF-AGR  Document 25  Filed 08/23/11  Page 15 of 25  Page ID #:571
Case 2:11-cv-01764-DSF -AGR  Document 24  Filed 08/15/11  Page 13 of 23  Page ID
#:538

1   identifiable' means that the medical information includes
    or contains any element of personal identifying
2   information sufficient to allow identification of the
    individual, such as the patient's name, address, electronic
3   mail address, telephone number, or social security number,
    or other information that, alone or in combination with
4   other publicly available information, reveals the
    individual's identity." [Cal. Civ. Code § 56.05(g)].
5

6        5.    With respect to "medical information" in the claim files claimed

7   to be exempted from disclosure under Labor Code section 3762, SRS will produce

8   such information pursuant to the terms of this Stipulated Protective Order only after

9   the following conditions are met:

10

11            a.    Counsel for Monarch must send to each

12   claimant/employee, at the employee's present or last known address, written

13   notification in the form of the Notice attached hereto as Exhibit "B" ("Notice").

14   Subject to the terms of this Stipulated Protective Order, SRS' counsel will provide to

15   Monarch's counsel the last known address for each claimant/employee whose claim

16   files are sought no later than ten (10) business days after Monarch's counsel requests

17   such addresses and identifies in writing the claimant's name and the claim number

18   relating to each claim file being sought.

19

20            b.    Monarch's counsel will send to SRS' counsel copies of any

21   Notice sent pursuant to subparagraph (a) at the same time such Notices are sent to

22   the claimant/employees.

23

24            c.    Monarch's counsel will promptly notify SRS' counsel of

25   any written objection received from any employee, or any Notices which are

26   returned as undeliverable.

27

28

-13-

1       d.      SRS will produce the requested claim file materials no

2   later than ten (10) business days after the Notice-created deadline for the employee

3   to notify counsel of his/her objection, provided there was no objection thereto and

4   further provided that the claim file or any of the documents therein are not protected

5   from disclosure pursuant to a prior order of the Workers' Compensation Appeals

6   Board or other court.

7

8       e.      In the event of an objection by an employee, or a Workers'

9   Compensation Appeals Board or other court order protecting the claim file or any of

10  the documents therein from disclosure, Monarch and/or SRS, by and through their

11  respective counsel, may file a motion seeking a court order allowing production of

12  the requested materials.  The non-moving party agrees not to oppose such motion.

13  In the event a notice to an employee is returned as undeliverable, SRS shall produce

14  the requested claim file without either party being obligated to file a motion seeking

15  a court order allowing production of the requested materials.

16

17      f.      The parties may modify the deadlines specified in

18  Paragraph 5(d) upon their mutual agreement, including the time for production of

19  the requested claim file materials, if compliance with such deadlines is not

20  practicable or feasible.  Any agreement to extend such deadlines shall be confirmed

21  by counsel for one of the parties in writing.

22

23      6.      If, at any time during the pendency of this action, counsel for any

24  party wishes to challenge another party's designation of documents or discovery

25  responses as containing Confidential Information, and exclude such documents and

26  discovery responses from the provisions of this Stipulated Protective Order, the

27  party may proceed ~~by regular motion or ex parte application before the Court,~~ under Local Rules. The

28  parties shall first meet and confer to resolve informally any disputes concerning this

AGR

-14-

1    Stipulated Protective Order before bringing any such motion or application before

2    the Court. If the Court finds it appropriate, the Court may examine the designated

3    material or hear the designated testimony *in camera*. The parties are not obligated

4    to challenge the propriety of the confidential designation, and a failure to do so shall

5    not preclude a subsequent attack on the propriety of such designation.

6

7        7.    With the exception of the persons identified in paragraph 3(a)

8    and (e) above, the parties shall take appropriate measures to ensure that all persons

9    permitted access to such documents under paragraph 3 of this Stipulated Protective

10   Order shall agree, prior to reviewing such documents, to be bound by the terms and

11   conditions hereof with respect to the use of such documents, and such persons shall

12   sign the agreement attached hereto as Exhibit "A."

13                    With the exception of the persons identified in paragraph 3(e)

14       8.    All documents designated as containing Confidential Information

15   shall be kept in secure facilities. Access to those facilities shall be permitted only to

16   those designated persons set forth in paragraph 3, as limited by paragraph 4, of this

17   Stipulated Protective Order as properly having access thereto.

18

19       9.    All documents, including deposition transcripts, containing

20   Confidential Information which are filed or lodged with the Court, shall be filed or

21   lodged in accordance with Local Rule 79-5, in a sealed envelope or other

22   appropriate sealed container on which shall be endorsed the title to the action to

23   which it pertains, an indication of the nature of the contents of such sealed envelope

24   or other container, the notation "DOCUMENT[S] SUBMITTED UNDER SEAL,"

25   and a statement substantially in the following form:

26

27            "This envelope is sealed and contains confidential

28            information filed [or lodged] in this case by [name of

-15-

1      party] and is not to be opened or the contents thereof

2      displayed or revealed except by order of the court or

3      pursuant to stipulation of the parties to this action."

4

5     The envelope or container shall not be opened without order of the

6 Court except by officers of the Court and counsel of record who, after reviewing the

7 contents, shall return them to the clerk in a sealed envelope or container.

8

9    10.  If Monarch or SRS files any documents or deposition testimony

10 containing Confidential Information with the Court, it shall indicate to the Court on

11 filing what portion(s) thereof are subject to this Stipulated Protective Order, and that *shall request*

12 the pretrial presentation of such Confidential Information ~~shall~~ be filed under seal.

13 *If the request is granted,* The Confidential Information shall be kept by the clerk under seal and shall be made

14 available only to the Court and its staff and to the persons authorized by the terms of

15 this Stipulated Protective Order to have access to Confidential Information.

16

17    11.  Nothing in this order shall prevent counsel for the parties from

18 referencing in support of oral or written legal arguments documents, deposition

19 testimony or other information designated as containing Confidential Information

20 pursuant to this Stipulated Protective Order, provided that such references do not

21 contain quoted material from such confidential materials and, if such confidential

22 materials are submitted to the court, such submission is made in accordance and

23 compliance with the other provisions contained in this Stipulated Protective Order.

24

25    12.  Prior to the trial of this action, counsel for the parties shall meet

26 and confer, and attempt to agree on an appropriate form of order to submit to the

27 Court regarding the confidential status, if any, to be afforded any Confidential

28 Information which may be disclosed during the course of trial.

1           13.    Upon the final termination of this litigation, counsel for each

2  party shall return to the other party, or destroy, all materials and copies thereof

3  which have been designated as containing Confidential Information, and shall

4  provide counsel (upon request) with a written statement that such documents were

5  returned or destroyed in accordance with this Stipulated Protective Order.  Attorney-

6  client communications, and internal memoranda subject to the attorney work

7  product doctrine, which contain Confidential Information do not need to be

8  destroyed, but shall be secured in a manner so as to protect against inadvertent

9  disclosure, shall be kept strictly confidential, and shall remain subject to this

10  Stipulated Protective Order.

11

12  Dated: August 9, 2011

13
                              ROXBOROUGH, POMERANCE, NYE & ADREANI

14                            LLP

15

16                            By

17                                   BRYAN S. DOSS

18                       Attorneys for Plaintiff and Counter-Defendant
                            MONARCH CONSULTING, INC. dba PES

19                                PAYROLL

20

21  Dated: August 12, 2011

22

23                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

24                            By

25                                 JAMES F. McSHANE

26                       Attorneys for Defendant and Counter-Claimant
                            SPECIALTY RISK SERVICES, LLC

27

28

1    Dated:  August 12, 2011

2                                    SMITH ♦ ELLISON, Professional Corporation

3

4                                    By

5                                              MICHAEL W. ELLISON
                                         Attorneys for Defendant and Counter-Claimant
6                                            SPECIALTY RISK SERVICES, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1

2  **EXHIBIT A**

3

4

5  UNITED STATES DISTRICT COURT

6  CENTRAL DISTRICT OF CALIFORNIA

7

8  MONARCH CONSULTING, INC. dba     Case No. CV11-01764 DSF (AGR)
   PES PAYROLL,
9
   Plaintiff,
10                                   DECLARATION OF
   v.                               CONFIRMING COMPLIANCE WITH
11                                   STIPULATED PROTECTIVE ORDER
   SPECIALTY RISK SERVICES, LLC,
12            Defendants

13

14  | AND RELATED COUNTERCLAIM |

15

16          I, _____, declare the following:

17

18          1.    I have read and I understand the Stipulated Protective Order

19  entered in <u>Monarch Consulting, Inc. dba PES Payroll v. Specialty Risk Services,</u>

20  <u>LLC</u>, United States District Court, Central District of California, Case No. CV11-

21  01764 DSF (AGR), and I agree to be bound by its terms.

22

23          2.    In addition, I consent to the jurisdiction of the Central District

24  Court of California with respect to any actions of any kind whatsoever relative to the

25  enforcement of the Stipulated Protective Order, recognizing that in doing so I

26  subject myself to the full powers of that Court, including the power of imposing

27  sanctions for contempt.

28

-19-

1    3. My address is :  _____

2            _____

3            _____

4

5    4. My telephone number is: _____.

6

7    I declare under penalty of perjury under the laws of the United States of

8 America that the foregoing is true and correct.

9

10    Executed on _____, 2011, at _____, State of _____.

11

12

13    (Signature)     _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

Case 2:11-cv-01764-DSF-AGR  Document 25  Filed 08/23/11  Page 25 of 25  Page ID #:581
Case 2:11-cv-01764-DSF -AGR  Document 24  Filed 08/15/11  Page 23 of 23  Page ID
#:548

# **EXHIBIT B**

Name
Address
Address

    Re: <u>Monarch Consulting, Inc. dba PES Payroll v. Specialty Risk Services, LLC</u>

Dear Mr./Ms.:

    A lawsuit is currently pending between plaintiff and counter-defendant Monarch Consulting Inc. dba PES Payroll ("Monarch") and defendant and counter-claimant Specialty Risk Services, LLC ("SRS"),  As part of the lawsuit, records pertaining to your workers' compensation claim are being sought for examination by Monarch and/or SRS.

    Your workers' compensation claim and any insurance benefits that you received in connection with your claim will not be affected by this lawsuit, or by Monarch's or SRS' examination of the information in your claim file.

    This notice is provided to you so that, if you have grounds to do so, you may object to the disclosure of the records described above.  If you object, you must notify both of the following individuals in writing within 15 days of the date of this notice:

**Attorney for Monarch**
Nicholas P. Roxborough, Esq.
Roxborough, Pomerance, Nye & Adreani, LLP
5820 Canoga Avenue, Suite 205
Woodland Hills, California 91367
Telephone:  (818) 992-9999
Facsimile:  (818) 992-9991

**Attorney for SRS**
James F. McShane, Esq.
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone:  (213) 620-1780
Facsimile:  (213) 620-1398

    If you have any questions about this notice, you may wish to consult an attorney.

                Very truly yours,

                Nicholas P. Roxborough, Esq.
                Attorney for Monarch